IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION NO.   3:16-00092-08

SAMUEL E. NELSON, III

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Samuel Nelson's Motion to Dismiss Count I as to Samuel Nelson III or, In the Alternative, Motion to Sever. ECF No. 351. At a hearing held on November 7, 2016, the Court **DENIED** Nelson's motion in all its respects. The grounds on which the Court rested its decision are set forth below.

Nelson argues that Count I of the indictment, charging a single conspiracy, cannot be properly proved at trial because the evidence exchanged during discovery only supports a "rimless wheel conspiracy." A rimless wheel conspiracy is not a single conspiracy. It is multiple conspiracies. As such, Nelson contends, there is a great risk of a transference of guilt through evidence of one conspiracy to another separate conspiracy. Thus, Nelson cannot be charged in the same conspiracy as the other co-defendants. Nelson further maintains that an unconstitutional variance may occur between the indictment and the evidence proffered at trial if the government attempts to introduce evidence of multiple conspiracies rather than a single conspiracy. In the alternative, Nelson requests that his trial be severed from the trial of his co-defendants.

The government bears the burden to prove the existence and the membership in a conspiracy charged in an indictment. *United States v. Harris*, 39 F.3d 1262, 1267 (4th Cir. 1994) (citing *United States v. Urbanik*, 801 F.2d 692, 695 (4th Cir. 1986)); *United States v. Leavis*, 853

F.2d 215, 218 (4th Cir. 1988) (citing *United States v. Hines*, 717 F.2d 1481, 1489 (4th Cir. 1983)). "The question whether the evidence shows a single conspiracy or multiple conspiracies, however, is one of fact and is properly the province of the jury." *Id.* (citing *Urbanik*, 801 F.2d at 695).

"A variance occurs where the evidence presented at trial differs materially from the facts alleged in the indictment." *United States v. Pate*, 326 F.App'x 684, 685 (4th Cir. 2009) (citing *United States v. Kennedy*, 32 F.3d 876, 883 (4th Cir. 1994)). A variance becomes fatal only where a defendant can show that the variance would violate his or her substantial rights and result in actual prejudice. *See id.* (citing *Kennedy*, 32 F.3d at 883). "In order to show actual prejudice stemming from a multiple conspiracy variance, an appellant must prove that there are so many defendants and so many separate conspiracies before the jury that the jury was likely to transfer evidence from one conspiracy to a defendant involved in an unrelated conspiracy." *Kennedy*, 32 F.3d at 883 (quoting *United States v. Caporale*, 806 F.2d 1487, 1500 (11th Cir. 1986)).

Although Nelson appears to make two separate arguments—one asserting that the government's evidence demonstrates that Nelson and his co-defendants were involved in multiple conspiracies and guilt by association is therefore likely, and the other contending that the evidence the government will produce at trial is evidence of multiple conspiracies which is at variance with the crime charged—they are different features of the same alleged infirmity in the government's evidence. As such, Nelson must be able to show that a trial with his co-defendants and the government's evidence now known to Nelson would result in "actual prejudice." *Id.* In other words, he must be able to show that evidence demonstrating a conspiracy in which he was not a participant would be used by the jury to convict him of participation in an unrelated conspiracy. *Id.*

Nelson, however, is incapable of making a showing of actual prejudice at this time. Many of Nelson's original twelve co-defendants have already pleaded guilty and it is likely, given the probability of other guilty pleas, that Nelson might stand trial either alone or with a few other co-defendants. Should trial occur in such a manner, there is a much reduced likelihood that evidence from an unrelated conspiracy would be used by the jury to convict Nelson, assuming *arguendo* that the government's evidence tends to demonstrate multiple conspiracies. Indeed, cases trying many more co-defendants and possibly involving multiple conspiracies have not been found to be so complex for a jury as to be prejudicial. *See Caporale*, 806 F.2d at 1501 (eleven defendants and two possible conspiracies); *Berger v. United States*, 295 U.S. 78, 80-84 (1935) (four defendants and two possible conspiracies); *United States v. Jones*, 880 F.2d 55, 66 (8th Cir. 1989) (five defendants and two possible conspiracies).

The Court does not believe that Nelson risks actual prejudice if he were to stand trial with a few other co-defendants facing evidence arguably demonstrating two conspiracies. The case is not so complex that a jury would not be able to distinguish between the conspiracy charged and the evidence adduced at trial. As noted at the November 7, 2016 hearing, however, should more evidence come to light that undermines the government's theory of the case, the Court is open to consider some prophylactic action should the circumstances warrant.

Nelson's alternative argument for severance is equally unavailing for the same reasons stated above. Nelson cannot show actual prejudice or the likely violation of a trial right by being tried with his co-defendants. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Nelson's Motion to Dismiss Count I as to Samuel Nelson III or, In the Alternative, Motion to Sever, ECF No. 351, is **DENIED**.

-4-

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 9, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE